**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-60846-BLOOM**

JONATHAN GALLO,

     Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## <u>ORDER OF DISMISSAL</u>

**THIS CAUSE** is before the Court upon a *pro* se Petitioner Jonathan Gallo's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. [1] ("Petition"). The Court has reviewed the Petition, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed.

Petitioner has previously filed a petition under 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 07-1793CF10A. *See Gallo v. Jones*, No. 15-cv-62684-cv-JAL, ECF No. [1] (S.D. Fla. Dec. 21, 2015). The petition was dismissed as untimely under 28 U.S.C. § 2244(d). *See id.* at ECF No. [19] (adopting Report and Recommendations that the petition be dismissed as time barred and determining that a certificate of appealability shall not issue). On January 9, 2018, the United States Court of Appeals for the Eleventh Circuit dismissed Petitioner's appeal for want of prosecution. *See id.* at ECF No. [28].

The Petition before this Court raises nine claims challenging Petitioner's conviction. Petitioner acknowledges that he previously filed a § 2254 petition, but argues the Petition is not

successive because his initial petition was dismissed "without prejudice" and "without a merit determination[.]" ECF No. [1-1] at 2 (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 638 (1998) and *Slack v. McDaniel*, 529 U.S.473, 487 (2000)). Petitioner also acknowledges that the Petition was filed after the one-year limitation period provided in § 2244(d), but asserts that under the plain error doctrine, the Court should use its discretion to grant an extension of time. *Id.*

Rule 4(b) of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Consistently, the United States Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted). Against this backdrop, courts reviewing a motion under Rule 4 must construe *pro se* motions liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Upon reviewing the Petition and the attached exhibits, the Court finds that the Petitioner is not entitled to relief. Petitioner's initial § 2254 petition was dismissed as untimely, "which constitutes a dismissal with prejudice on the merits for purposes of restricting a second or successive § 2254 petition." *Jeffus v. Sec'y, Fla. Dep't of Corr.*, 759 F. App'x 773, 775 (11th Cir. 2018) (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353, 1359 (11th Cir. 2007)). "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rules Governing § 2254 Cases, Rule 9. As authorization has not been granted, this Court lacks jurisdiction to hear this instant § 2254 Petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Because this unauthorized successive § 2254 petition is dismissed for lack of jurisdiction,

Case No. 21-cv-60846-BLOOM

the Court need not address Petitioner's argument as to why the instant untimely Petition should be allowed to proceed. Further, because the Court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the Court may] not issue a [certificate of appealability]" with respect to any of Petitioner's claims. *See Aruanno v. Florida*, No. 20-cv-23135-BLOOM, 2020 WL 8675810, at *1 (S.D. Fla. July 30, 2020) (citing *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition, **ECF No. [1]**, is **DISMISSSED**;

2.      No certificate of appealability shall issue;

3.      All pending motions are **DENIED** as moot; and

4.      The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 21, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jonathan Gallo, *Pro Se*
#L78566
Calhoun Correctional Institution
Inmate Mail/Parcels
19562 SE Institution Drive
Blountstown, FL 32424